United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELISABETH I. THIERIOT,
Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD,
Defendant.

Case No. 26-cv-04638-WHO

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE LIMITED SUPPLEMENTAL RESPONSE**

Re: Dkt. Nos. 18, 22

Plaintiff Elizabeth Thieriot seeks declaratory, injunctive, and restitutionary relief against Defendant California Franchise Tax Board ("Board"), asserting that the Board took (and continues to take) unlawful enforcement activity based on her 2006 personal income taxes. The Board moves to dismiss for lack of subject matter jurisdiction. Because the relief Thieriot seeks is barred by the Tax Injunction Act and the principle of comity, and because the Board has not consented to suit, I GRANT the motion to dismiss without leave to amend.

## BACKGROUND

Thieriot, appearing pro se, sues the Board individually and as trustee of the Elisabeth Thieriot Revocable Trust ("Trust"). Compl. [Dkt. No. 1]. The complaint alleges that she timely filed her 2006 tax returns. *Id.* ¶ 30. The Board "received, processed, and administratively reviewed" [her] filing activity" for that year before "issu[ing] refund treatment." *Id.* ¶¶ 31–32.

Though the Board had already processed Thieriot's 2006 tax returns and "administratively treated [that year] as closed," years later, it "initiated additional proposed assessment activity concerning the same tax year." *Id.* ¶ 38. The reopening of the 2006 tax year and the subsequent proposed assessments were based on allegations that Thieriot had filed late and failed to pay taxes upon filing, among other theories. *See id.* ¶¶ 41–44.

United States District Court
Northern District of California

Despite the "unsupported, contradictory, and statutorily barred nature of the challenged proposed assessments," the Board expanded enforcement activities, such as levies, garnishments, offsets, bank account seizures, Trust account garnishments, liens and encumbrances, collection referrals, publication of Thieriot's name on the "500 largest tax delinquencies" list, and suspension of her driving privileges. *Id.* ¶¶ 48–59. The Board "expanded garnishment and levy activity into [the] Trust accounts . . . based upon [her] role as trustee" and "the same unsupported and time-barred proposed assessments." *Id.* ¶¶ 50–51. The Board also "depleted [her] personal and fiduciary financial accounts through levy and garnishment activity" based on the 2006 tax year. *Id.* ¶ 52.

On October 15, 2018, Thieriot filed a claim for refund pursuant to California Revenue and Taxation Code sections 19301 and 19322. *Id.* at Ex. M. Thieriot also sent a refund demand to the Board on December 19, 2022. *Id.* at Ex. N.

Thieriot's complaint asserts three causes of action: (1) violations of the Fifth Amendment Due Process Clause, the Fourteenth Amendment Due Process and Equal Protection Clauses, Article VI of the United States Constitution, 42 U.S.C. §§ 1982 and 1983, constitutional protections governing mobility and right-to-travel interests, and 31 U.S.C. § 1501, brought under 42 U.S.C. § 1983; (2) declaratory relief; and (3) injunctive relief. *Id.* ¶¶ 67, 71, 73. Thieriot's "Notice of Complaint" further describes the complaint as seeking relief pursuant to 26 U.S.C. § 6501 and California Business and Professions Code section 494. *Id.* at 2. The complaint seeks declaratory relief, injunctive relief prohibiting the Board from continuing enforcement and collection activity, release and withdrawal of levies and garnishments, removal and expungement of liens, restitution and disgorgement, preservation of collection records, compensatory damages, costs of suit, and reasonable attorneys' fees. *See* Compl., Prayer for Relief.

The Board moved to dismiss on August 24, 2026, for lack of subject matter jurisdiction. Defendant California Franchise Tax Board's Motion to Dismiss Complaint [Dkt. No. 18]. Thieriot opposed. Plaintiff's Opposition to Defendant California Franchise Tax Board's Rule 12(b)(1) Motion to Dismiss ("Oppo.") [Dkt. No. 20]. The Board replied. Defendant California Franchise Tax Board's Reply in Support of Motion to Dismiss Complaint [Dkt. No. 21]. Thieriot

then sought leave to file a sur-reply addressing whether she and the Trust shared the same refund remedy and whether naming the responsible Board officers would be futile. Plaintiff's Administrative Motion for Leave to File Limited Supplemental Response to Defendant's Reply ("Admin. Mot.") [Dkt. No. 22] at 1.[1] I heard oral argument on September 30, 2026.

**LEGAL STANDARD**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter

[1] Thieriot's request is unopposed, so I GRANT her administrative motion and consider the supplemental response. Admin. Mot. at Ex. A ("Suppl. Resp.").

jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

Whenever a district court dismisses a case, it "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Smith v. Bank of Am., N.A.*, 679 F. App'x 549, 551 (9th Cir. 2017).

**DISCUSSION**

**I. Subject Matter Jurisdiction Under the Tax Injunction Act**

Courts have "long recognized that principles of federalism and comity generally counsel . . . a hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586 (1995). The Tax Injunction Act ("Act") codifies this "aversion to federal interference with state tax administration." *Id.* The Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act bars both injunctive and declaratory relief in state tax disputes as long as an adequate state court remedy exists. *Patel v. City of San Bernardino*, 310 F.3d 1138, 1140 (9th Cir. 2002); *see also California v. Grace Brethren Church*, 457 U.S. 393, 408–11 (1982) (explaining that declaratory relief may in practice operate to suspend collection). Any relief that would "to some degree stop" the assessment or collection of a state tax falls within the Act. *Online Merchants Guild v. Maduros*, 52 F.4th 1048, 1051–52 (9th Cir. 2022).

To determine whether the Act bars Thieriot's claims, I must first "characterize those claims" and "identify the relief sought." *Id.* at 1051 (internal quotations omitted). Here, Thieriot characterizes her claims as challenging the Board's collection activity based on purportedly unsupported assessments. *See* Compl. ¶ 18 ("Rather, Plaintiff challenges continuing governmental deprivation arising from unsupported and time-barred proposed assessments and unauthorized reopening activity concerning a previously processed and administratively closed tax year."). She seeks "relief restraining continuing enforcement activity arising from the challenged proposed assessments," as well as the "reimbursement and return of improperly seized funds and property interests." *Id.* at 1–2.

United States District Court
Northern District of California

That relief falls squarely within the Act's jurisdictional bar. The requested injunctive relief explicitly seeks to bar the Board from continuing "levy activity," "garnishment activity," and other collection activity. *Id.* ¶ 73, Prayer for Relief ¶ 4. The requested declaratory relief, i.e., a declaration that the proposed assessments are unlawful, has the same practical effect, as such declaration would invalidate the predicate for the Board's collection activity. *Id.* ¶ 71, Prayer for Relief ¶¶ 1–3. The requested release of levies and removal of liens are likewise barred. *Id.*, Prayer for Relief ¶ 5. The requested order to preserve assessment, collection, and refund records is part and parcel with Thieriot's challenge to the assessments and the bases for those calculations. *Id.* ¶ 7. And though the Act does not specifically mention actions for refund or damages, federal courts have generally dismissed such cases because allowing otherwise would circumvent the Act. *See, e.g.*, *Wong v. California Franchise Tax Bd.*, No. 3:97-CV-02748-SI, 2000 WL 630878, at *6 (N.D. Cal. May 2, 2000); *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1274 (9th Cir. 2004); *Patel*, 310 F.3d at 1141; *see also Winn v. Killian*, 321 F.3d 911, 914–15 (9th Cir. 2003) (applying the same reasoning to costs and attorneys' fees). Accordingly, the remainder of the relief sought is also barred. *Id.*, Prayer for Relief ¶¶ 6, 8–10.

The crux of the matter – and the parties' dispute – is whether Thieriot had a "plain, speedy, and efficient" state remedy available. She did. A state remedy is "plain, speedy, and efficient" if it provides the taxpayer with "a full hearing and judicial determination at which [the taxpayer] may raise any and all constitutional objections to the tax." *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981). Both the Supreme Court and the Ninth Circuit have repeatedly held that California's tax refund procedures provide a "plain, speedy, and efficient" remedy. *See, e.g.*, *Grace Brethren Church*, 457 U.S. at 413–17; *Hyatt v. Yee*, 871 F.3d 1067, 1074–78 (9th Cir. 2017). Under California's statutory tax framework, after paying the tax, the taxpayer may contest her tax bill by filing a refund claim with the Board. *See* Cal. Rev. & Tax. Code § 19382. If the Board denies the refund claim or fails to act on the claim within six months after the claim is filed, the taxpayer may bring an action in state court against the Board upon the grounds set forth in the refund claim. *See id.* §§ 19381–82, 19385. The taxpayer may also raise constitutional challenges in state court. *See Hyatt*, 871 F.3d at 1077.

Nothing in the complaint's allegations or its exhibits shows that this remedy was unavailable to Thieriot. At most, the pleadings reflect that she only partially pursued the remedy. Exhibit M shows a refund claim filed on behalf of Thieriot for the 2006 tax year, "pursuant to Cal. Rev. & Tax. Code, §§ 19301, 19322."[2] Compl. Ex. M. The claim reserved "violation of federal and state due processes and equal protection" as grounds and requested an oral hearing. *Id.* But nowhere do the pleadings show Thieriot fully taking advantage of the remedy by initiating a state court action against the Board to contest the challenged assessments. Accordingly, the state remedy was still available to her at the time. *See Zewadski v. City of Reno*, No. 3:05-CV-00173, 2006 WL 8441737, at *7 (D. Nev. Mar. 9, 2006) ("That Plaintiff may have failed to fully take advantage of the administrative and state remedies available to him is not relevant to the issue of whether the state affords a plain, speedy, and efficient remedy.").

In a declaration attached to her opposition, Thieriot contends that the requested hearing never occurred and that a subsequent state court proceeding in Marin County was not an adequate forum "for adjudication of the Trust's possession, accounting, and return-of-property claims." Thieriot Decl. [Dkt. No. 20-1] ¶¶ 10, 16–17; Oppo. at 23–25. I am limited to the pleadings in deciding this facial attack, but even if I were to assume the truth of those statements, my conclusion remains the same. The Marin County proceeding was not the type of state court action contemplated by California's tax refund scheme: Thieriot and the Trust were defendants, and the Board was not a party.[3]

Thieriot also argues that the Trust lacked a "plain, speedy, and efficient" remedy available to her in her capacity as the trustee. *See* Oppo. at 17; Suppl. Resp. at 9–10. But California's refund remedy also covers trusts. *See, e.g.*, *Steuer v. Franchise Tax Bd.*, 51 Cal. App. 5th 417, 423 (2020) (trustees requested refund and filed tax refund suit on behalf of trust). Nothing in the statutory scheme precludes trusts from submitting a refund claim; indeed, a refund claim may be

---

[2] These statutes govern refund claims for tax overpayment.

[3] The opposition references *Petracca v. Thieriot*, Case No. CV0002210, which was filed on March 6, 2024, in the Superior Court of California, County of Marin. I take judicial notice of this proceeding. *Muniz v. Bisignano*, No. 5:25-CV-00695-NW, 2026 WL 657724, at *2 n.2 (N.D. Cal. Mar. 9, 2026).

signed by "the taxpayer or the taxpayer's authorized representative." Cal. Rev. & Tax. Code §§ 19322, 19382. Again, Thieriot's failure to utilize this remedy for any amounts taken from the Trust is immaterial to whether the remedy was *available*.

Thieriot's remaining arguments and theories also fail. On opposition, she raises separation of powers, statutory authority, record integrity, and Article III standing arguments, and adds theories based on the First Amendment, Fourth Amendment, Thirteenth Amendment, and Fourteenth Amendment. *See generally* Oppo. At oral argument, Thieriot further asserted that the Board violated her due process rights by acting as a creditor and failing to give notice and that she was seeking the return of property to the Trust, not a tax refund. None of these arguments exempts the relief she seeks from the Act's jurisdictional bar.

For the above reasons, I do not have subject matter jurisdiction over Thieriot's claims.

**II. Principle of Comity**

State tax collection is "an area which deserves the utmost comity to state law and procedure." *Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997). Federal courts, including the Supreme Court, have held that the principle of comity alone bars federal courts from granting relief, including damages, that would "intrude upon and disrupt a state's enforcement of its tax system." *Wong*, 2000 WL 630878, at *7 (discussing *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981)). Under the principle of comity, taxpayers are barred from asserting section 1983 actions in federal courts, as long as the state remedies are "plain, adequate, and complete." *Id.*

A remedy that is "plain, speedy, and efficient" is also "plain, adequate, and complete." *Id.* As explained above, such a remedy was available to Thieriot. Accordingly, the non-declaratory and non-injunctive relief she seeks is independently barred by the principle of comity.

**III. Eleventh Amendment Immunity**

The Eleventh Amendment bars federal courts from hearing suits brought by private citizens against the state, including state agencies and departments, absent consent or valid abrogation. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

Here, the Board is a state agency, California did not waive its sovereign immunity, and Congress did not abrogate state sovereign immunity in enacting section 1983. *Wong*, 2000 WL 630878, at *5. Thieriot's suit against the Board is therefore barred.

**IV. Leave to Amend**

Thieriot seeks leave to amend to name the "responsible officers" on the grounds that the *Ex parte Young* doctrine provides an exception to sovereign immunity. *See* Oppo. at 29; Suppl. Resp. at 13 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Thieriot is correct that such an exception exists, but even if she were to name individual defendants, there are no facts that she could plead to establish subject matter jurisdiction under the Act or the principle of comity.

**CONCLUSION**

For the above reasons, I lack subject matter jurisdiction over this matter. Leave to amend would be futile. The motion to dismiss is GRANTED without leave to amend. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

William H. Orrick
United States District Judge